UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN GLADNEY, </br></br>Plaintiff, </br></br>v. </br></br>SSM HEALTH CARE ST. LOUIS, </br>d/b/a SSM St. Mary's Health Center, </br></br>Defendant. | ) </br>) </br>) </br>) </br>) </br>) No. 4:15CV704 RLW </br>) </br>) </br>) </br>) </br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Health Care St. Louis' Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 5). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will deny Defendant's motion.

## Background

Plaintiff, Kevin Gladney, was previously employed by Defendant SSM Health Care St. Louis ("SSMHC") as an Energy Center Operator. (Compl. ¶¶ 7-8) His duties included the repair and maintenance of refrigeration equipment. (*Id.* at ¶ 9) Plaintiff alleges that he was discriminated against and harassed on the basis of his race, African American. (*Id.* at ¶¶ 12-13) Further, he contends that he complained to his managers and to Defendant's human relations department about the alleged discrimination and harassment, but SSMHC failed to address Plaintiff's complaints. (*Id.* at ¶¶ 14-15) Plaintiff claims that he requested a transfer, sought counseling from SSMHC's employee assistance program, and requested time off due to the discrimination and harassment. (*Id.* at ¶¶ 16-18) He also alleges that he experienced retaliation

stemming from his complaints, resulting in his termination from employment on January 17, 2013. (*Id.* at ¶¶ 19-20)

Plaintiff filed charges of discrimination with the Missouri Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC") and received Right to Sue notices for both charges on May 21, 2014 and May 29, 2014, respectively. (Def.'s Mot. to Dismiss, Ex. B and C, ECF Nos. 5-2 and 5-3) Plaintiff then filed a Petition in state court on August 20, 2014, alleging violations of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.* (Pet., ECF No. 5) On April 13, 2015, the state court granted Defendants Motion to Dismiss, dismissing the Petition without prejudice. (Def.'s Mot. to Dismiss, Ex. A, ECF No. 5-1) The court also granted Plaintiff's Motion for Leave to File Amended Petition, allowing Plaintiff to file a First Amended Petition instanter. (*Id.*)

Plaintiff's First Amended Petition brought claims for violations under the MHRA; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; and 42 U.S.C. § 1981. Defendant removed the action to federal court on May 1, 2015. On that same date, Defendant moved to dismiss Counts I and II as barred by the statute of limitations.[1] With regard to Plaintiff's Title VII claim for racial discrimination and harassment, Plaintiff claims that the Amended Complaint relates back to the original filing date.

## Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] On May 8, 2015, Plaintiff voluntarily dismissed Count I of his Complaint which pertained to alleged violations of the Missouri Human Rights Act. (ECF No. 12) The Court issued an Order of Dismissal on that Count on May 12, 2015. (ECF No. 14)

2

"Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## Discussion

In its Motion to Dismiss, Defendant argues that the Court must dismiss Plaintiff's Title VII claim because he did not file his claim within 90 days of the receipt of the EEOC right to sue letter. Thus, Defendant contends that Plaintiff's claim is barred by the statute of limitations. Plaintiff, on the other hand, asserts that his Title VII claim is timely because it relates back to the original state court filing date.

Plaintiff's Right to Sue notice from the EEOC reads, "Your lawsuit under Title VII . . . **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." (Def.'s Mot. to Dismiss Ex. C, ECF No. 5-3) Although Plaintiff did not assert a Title VII claim in the original Petition, which was filed within the 90 day time period,[2] he argues that the claim in the amended pleading "arose out of the same conduct, transaction, or occurrence" and that Defendant "was on notice of all the potential

---

[2] Plaintiff's EEOC Notice of Right to Sue is dated May 29, 2014. He filed the original state court Petition on August 20, 2014, 83 days after the EEOC's notice.

3

relevant issues in the lawsuit within the statute of limitations . . . ." (Pl.'s Response to Def.'s Mot. to Dismiss 3, ECF No. 13)

Under Federal Rule of Civil Procedure 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." "'The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (quoting *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1283 (8th Cir. 1988)). "The determination of whether an amended pleading should be allowed and whether it relates back to the date of the original pleading are matters within the sound discretion of the trial court." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000). Because the purpose of Rule 15(c) is to allow cases to be decided on their merits, . . . , courts liberally construe the rule. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996) (internal citation omitted).

Here, Plaintiff's Title VII racial discrimination, harassment, and retaliation claims are identical to the MHRA claims contained in the original Petition. Thus, the Court finds that the allegations in the original Petition were sufficient to provide Rule 15(c) notice to Defendant of Plaintiff's Title VII claim. Further, Plaintiff filed the original Petition within the 90-day limitations period prescribed by the EEOC's Right to Sue notice. Construing Rule 15(c) liberally to permit the case to be decided on the merits, the Court finds that the Title VII claims in Plaintiff's First Amended Petition relate back to the filing of the original Petition and are timely under Rule 15. *Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1052 (8th Cir. 2002).

However, Defendant argues that the dismissal without prejudice by the state court precludes Plaintiff from asserting a relation-back argument. Defendant relies on *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) for the proposition that a dismissal without prejudice of the original complaint does not operate to toll the statute of limitations in federal employment discrimination claims. In that case, the parties stipulated to dismissal without prejudice, and plaintiffs attempted to refile the claims past the limitations period. *Id.* Plaintiffs argued that defendants knew plaintiffs would refile their claims such that defendants were estopped from asserting that the refiled complaint was barred by the statute of limitations. *Id.* The court found that the dismissal without prejudice did not toll the statute of limitations and that, "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." *Id.*

The Court finds that the *Garfield* case, along with the other cases relied upon by Defendant, are inapplicable to the present case. In *Garfield*, the plaintiffs voluntarily dismissed their claims and then attempted to refile them after the 90-day period had passed. *Id.*; *see also Harbor Ins. Co v. Essman*, 918 F.2d 734, 735 n.3 (8th Cir. 1990) (finding the relation back doctrine of rule 15(c) was inapplicable to the filing of a new complaint after an earlier action had been voluntarily dismissed); *Dunham v. City of O'Fallon, Mo.*, 945 F. Supp. 1256, 1260 (E.D. Mo. 1996) (finding plaintiff's discrimination claims time-barred where plaintiff voluntarily dismissed without prejudice then refiled after the 90-day period had elapsed).

Here, however, the state court simultaneously granted the Defendant's motion to dismiss without prejudice and Plaintiff's motion for leave to file an amended petition. Plaintiff did not seek to refile the action, and the case remained open in state court until Defendant removed it to

5

this Court. Thus, the Court holds that Plaintiff's Title VII claims relate back to the date of the original Petition, and Defendant's Motion to Partially Dismiss Plaintiff's Complaint is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SSM Health Care St. Louis' Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 5) is **DENIED**.

Dated this 5th Day of October, 2015.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**